**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

TEKWAY, INC., an Illinois corporation,
4104 Sterling Road
Downers Grove, IL 60515

Plaintiffs,

vs.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
20 Massachusetts Ave NW,
Washington DC 20529

Defendant.

Case No.:

COMPLAINT

**COMPLAINT**

I. INTRODUCTION

1. This is an action brought pursuant to section 10b of the Administrative Procedure Act, 5 U.S.C. § 702, *et. seq*., seeking to hold unlawful and set aside the decisions of the California Service Center (CSC) Director of the United States Citizenship and Immigration Services (USCIS) in File Nos.WAC1815050083 and WAC1815650017, both issued November 13, 2018, denying Tekway, Inc.'s Forms I-129, Petition for Nonimmigrant Worker upon behalf of Jagadish Balusu and Vinay Swarna, respectively, on the grounds that both decisions were arbitrary and capricious.

## II. PLAINTIFFS

5. TEKWAY, INC. (Tekway) is an Illinois corporation which has been providing Information Technology services and resources in the United States since 2005. Tekway deploys human intellectual capital to meet an organization's information technology goals using the optimal mix of internal staff, outside consulting resources, and project outsourcing.

## III. DEFENDANT

5. The defendant, United States Citizenship and Immigration Services (USCIS), is an agency of the United States government residing in the District of Columbia.

## IV. JURISDICTION

6. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, *et. seq.,* and the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.,* both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## V. STANDING

9. Tekway has a legally protected interest in a decision by the USCIS on its petition upon behalf of the employees named below which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and the invasion of this right has caused it concrete and particularized injury in that as a result of this invasion Tekway will be unable to employ these indviduals after the expiration of their current employment authorization and so will be unable to derive the revenues it would otherwise obtain from the sale of their services to its clients; (2) there is a causal connection between the injury-in-fact and the

defendant's challenged behavior in that it is precisely the defendant's denial of Tekway's petitions upon these employees' behalf which will prevent them from working for Tekway after the expiration of their current employment authorization; and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will enable Tekway to continue to employ these individuals after the expiration of their current employment authorization and so continue to derive revenues from the sale of their services. Accordingly, Tekway has standing to complain of this action. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)

## VI. VENUE

9. Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of Columbia, where the defendant resides.

## VII. BRIEF STATEMENT OF PROCEDURAL HISTORY

19. On April 12, 2018 Tekway filed a Form I-129, Petition for Nonimmigrant Worker upon behalf of Jagadish Balusu for the purposes of employing him from October 1, 2018 to August 22, 2021 in a position which was internally designated as "Application Support-ITRR" but involved performing the duties of a Software Developer, Applications as described in the Department of Labor's Standard Occupational Classification (SOC), pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(B), and concurrently applied to change his nonimmigrant status in the U.S. from F-1 (student) to H-1B (specialty occupation worker). The USCIS designated this matter as File No. WAC1815050083.

20. On November 13, 2018, following the USCIS's issuance of, and Tekway's response to, a request for evidence, the USCIS issued decisions denying both the petition for Mr. Balusu and

his application for change of status on the grounds that "you have not established that you will be a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'".

21. On April 12, 2018 Tekway filed a Form I-129, Petition for Nonimmigrant Worker upon behalf of Vinaykumar Swarna for the purposes of employing him from October 1, 2018 to August 22, 2021 in a position which was internally designated as "Application Support-ITRR" but involved performing the duties of a Software Developer, Applications as described in the Department of Labor's Standard Occupational Classification (SOC), pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(b) and concurrently applied to change Mr. Swarna's nonimmigrant status in the U.S. from F-1 (student) to H-1B (specialty occupation worker). The USCIS designated this matter as File No. WAC 1815650017.

20. On November 13, 2018, following the USCIS's issuance of, and Tekway's response to, a request for evidence, the USCIS issued decisions denying both the petition and the application upon behalf of Mr. Swarna on the grounds that "you have not established that you will be a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'".

## VIII CAUSE OF ACTION

## COUNT II

*The decision denying Tekway, Inc.'s petition upon behalf of Jagadish Balusu was arbitrary and capricious and not in accordance with law.*

21.The decision denying Tekway's petition upon Jagadish Balusu's behalf (and so, necessarily, his application for change of nonimmigrant status) on the grounds that "you have not established

that you will be a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'" was arbitrary and capricious in that it is squarely contradicted by the record and ignores critical evidence. *Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs*., 2018 U.S. Dist. LEXIS 196284, *3. In particular, the USCIS, aside from mentioning their names, disregarded the following evidence submitted by Tekway demonstrating that it would have the legal right to control the manner and means in which Mr. Balusu's work would be performed:[1]

a) Exhibit E to the response to the USCIS's Request for Evidence[2], the Employment Agreement between Tekway and Mr. Balusu, which provided, among other things, that Tekway was hiring Mr. Balusu, that Mr. Balusu would work at whatever premises were directed by Tekway, that Tekway would pay Mr. Balusu, and that Tekway had the right to terminate Mr. Balusu's employment at any time without cause upon written notice after the completion of 12 consecutive months of employment;

b) Exhibit G - Tekway's letter of August 20, 2018, in which Pravan Kumar, Project Manager, Operations, of Tekway, certifies that he will be supervising Mr. Balusu in his work-related duties and responsibilities and that Tekway has the ultimate control and authority over Mr. Balusu's day-to-day activities at the end client, AT&T, that Mr. Balusu is required to communicate on a regular basis with Tekway regarding his hours worked, status of assignment, performance feedback, and similar matters, that Tekway

[1] All of the evidence and writings referred to in any particular Count refers to the USCIS's decision denying Tekway's petition upon behalf of the individual reference in the heading pertaining thereto, and the denial of his change of status.

[2] All references to an "Exhibit" in this Amended Complaint shall, hereafter, refer to Exhibits attached to Tekway's response to the USCIS "Request for Evidence" pertaining to the individual referenced in that particular count.

  has the right to hire and fire Mr. Balusu, the right to control his work, the duty to pay him, and the right to assign him additional duties;

c) Exhibit H- a project status report pertaining to Mr. Balusu showing that he was closely communicating with Tekway regarding his work activities;

d) a work organizational chart (submitted with the petition) showing that Pavan Kumar directly supervised Mr. Balusu;

e) Exhibit I -timesheets for Mr. Balusu showing that his work hours were being closely monitored by Tekway;

f) Exhibit J - earnings statements from ADP showing that Tekway was paying Mr. Balusu's salary;

g) Exhibit M - a letter from the Pinnacle Group stating that all of Mr. Balusu's day-to-day activities will be controlled by his employer, Tekway, along with any discretionary decision-making such as hiring and firing and performance evaluations;

h)Exhibit N - a letter from Shirley Delia, Supplier Liaison, Human Resources, AT&T stating that "Jagadish Balusu's employer, Tekway, Inc., not AT&T Services or its affiliates, provides (him) with compensation, has the authority to assign (him) to perform services for one or another of its customers, has control of its employees and is responsible for payment of salaries, administration of benefits and payment of taxes on behalf of its employees for the duration of their employment with it."

22. There are few propositions more firmly settled in the field of labor law than that the right of control is the gravamen of an employer-employee relationship. See, e.g.,. *Clackamas Gastroenterology Assocs., P.C. v. Wells,* 538 U.S. 440, 448 (2003), *Nationwide Mut. Ins. Co. v.*

*Darden*, 503 U.S. 318, 323 (1992). The right to control the beneficiary is different from actual control. An employer may have the right to control the beneficiary's job-related duties and yet not exercise actual control over each function performed by that beneficiary. *See e.g. Dovell v. Arundel Supply Corp*., 124 U.S. App. D.C. 89, 361 F.2d 543, 545 (1966) ("The vital element which negatives such independence, in the relation between employer and employee, is the right to control the employee, not only as to the final result, but in the performance of the task itself. And, it is the right to control, not control or supervision itself, which is most important. (Footnote omitted.)" *quoting Grace v. Magruder*, 80 U.S. App. D.C. 53, 148 F.2d 679, 681 (1945)); *Avis Rent A Car Sys., Inc. v. United States*, 503 F.2d 423, 425 n.1 (2d Cir. 1974) ; *Trent v. Atl. City Elec*. Co., 334 F.2d 847, 863 (3d Cir. 1964), *Weber v. Commissioner*, 60 F.3d 1104, 1110 (4th Cir. 1995); *Breaux & Daigle, Inc. v. United States*, 900 F.2d 49, 50 (5th Cir. 1990); *NLRB v. Cement Transp., Inc.*, 490 F.2d 1024, 1027 (6th Cir. 1974), *Sargent v. Commissioner*, 929 F.2d 1252, 1253 (8th Cir. 1991); *Chin v. United States*, 57 F.3d 722, 725 (9th Cir. 1995), *Jones v. Goodson*, 121 F.2d 176, 177 (10th Cir. 1941), USCIS Adjudicator's Field Manual (AFM) § Chapter 31.3 nt.1..[3] This is also the only reasonable interpretation of 8 CFR § 214.2(h)(4)(ii)(2) which defines a "United States employer" as one who has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it **may** hire, pay, fire, supervise, or otherwise control the work of any such employee ....". (emphasis added).The fact that an employer "may" control the work of an employee (rather than

[3] "Policy material is binding on all USCIS officers and must be adhered to unless and until revised, rescinded or superseded by law, regulation or subsequent policy, either specifically or by application of more recent policy material. …Examples of policy materials are: Field and Administrative Manuals" AFR 3.4. Thus, the AFM, being an administrative manual, is a policy material binding on all USCIS officers.

"must"[4]) demonstrates that, consistent with *Clackamas, Darden,* the decisions of at least 9 circuit courts of appeal and the USCIS's own AFM, it is only the right to control and not the actual exercise of the same which is determinative of an employer-employee relationship.

23. The centrality of the right to control (and not actual control) to the employer-employee relationship is effectively conceded by the USCIS in this decision when it claims that "the record has been reviewed in its entirety to establish whether you have the right to control the beneficiary's employment at the third-party end client and it has been determined that you have not met the employer-employee relationship test".

24. Inasmuch as "an agency cannot ignore evidence contradicting its position.", Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs., 2018 U.S. Dist. LEXIS 196284, *23 *quoting Genuine Parts Co. v. EPA*, 890 F.3d 304, 312 (D.C. Cir. 2018) (quoting *Butte Cty. v. Hogen*, 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010)), therefore this decision's disregard of virtually all of Tekway's voluminous evidence showing that it had the right to control the beneficiary's work activities, and so had an employer-employee relationship with him, was arbitrary and capricious.

[4] The Oxford Online Dictionary offers several definitions of "may", only one of which is remotely applicable here: "Used to ask for or to give permission.
*'you may confirm my identity with your Case Officer, if you wish'*
*'may I ask a few questions?'*
…

- *'None of the text or images from this site may be reproduced in whole or part without written permission.'* Accordingly there is no circumstances in which the word "may" can convey the idea that an employer **must** control his employ, but rather shows that he merely has permission to do – that is that he has the right to control, whether he chooses to exercise it or not. Or perhaps to cite a more familiar example, the fact that a court "may" grant oral argument in a case certainly doesn't oblige it to do so.

25. Further, inasmuch as there is no evidence in the record that shows that Tekway does not have the right to control Mr. Balusu's work activities, the decision is also arbitrary and capricious because it runs counter to the evidence in the record. "[I]f the agency has . . . offered an explanation for its decision that runs counter to the evidence," its action is generally deemed arbitrary and capricious." *Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs*., 2018 U.S. Dist. LEXIS 196284, *17-18 , *quoting* Animal Legal Defense Fund, Inc. v. Perdue, 872 F.3d 602, 611 (D.C. Cir. 2017). (quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

22. Further, the decision is also arbitrary and capricious because the USCIS likewise failed to consider the following referenced contradictory evidence in making the following factual conclusions:

a) The conclusion that "the present record does not sufficiently demonstrate: … The skill required to perform the specialty occupation;": disregarded the following contradictory evidence of the skill required to perform the specialty occupation:

i) EXHIBIT A to the petitioner's request for evidence, the Expert Opinion Letter issued by Full Adjunct Professor, Dr. Michael K. Lavine, of Cyber Security at the University of Maryland-University College, indicating the education required to perform the position;

ii) EXHIBIT C - the Past Practice letter issued by Tekway indicating the education required to perform the position;

iii) EXHIBIT D - the Affidavit from Shashidhar Devireddy, Project Manager, Operations of Lucid Technologies, indicating the educational requirements for the offered position in his organization;

b) "the present record does not sufficiently demonstrate: … Whether you have the right to assign additional work to the beneficiary while he is performing services for AT&T at their place of business;": The USCIS, in coming to this conclusion, failed to consider the following contradictory evidence: Exhibit L, Detailed Job Description and Exhibit N, end client letter from AT&T, both of which show that Tekway does in fact have the right to assign additional work to the beneficiary while he is performing services for AT&T at its place of business.

c) "the present record does not sufficiently demonstrate: … Whether you can fire the beneficiary or set rules and regulations on the work the beneficiary will be performing for AT&T;": In coming to this conclusion, the USCIS failed to consider the following contradictory evidence:

i) Exhibit E, Employment Agreement, showing that Tekway had the right to fire the beneficiary and

ii)    Exhibits G, M & N all showing that Tekway has the right to control Mr. Balusu's work activities, which would necessarily include the right to set rules and regulations on the work he would be performing for AT&T;

d) the finding that "the present record does not sufficiently demonstrate …Availability of specialty occupation work" did not consider the following contradictory evidence: EXHIBITS K, L, M & N, showing that Mr. Balusu would be working as a Software Developer at AT&T's location which EXHIBIT A (the Expert Opinion Letter) and EXHIBIT B2, excerpts from the Occupational Outlook Handbook, established, and this decision did not dispute, is a specialty occupation;

e) The finding that "the present record does not sufficiently demonstrate: …Whether the beneficiary reports to someone higher in your organization" did not consider the contradictory evidence contained in EXHIBITS F & G, both of which show that Tekway's Project Manager, Operations, Mr. Pavan Kumar, closely supervises and evaluates Mr. Balusu's work at the end client location;

f) The finding that "the present record does not sufficiently demonstrate: …Whether, and if so, to what extent you will supervise the beneficiary's work while he is performing services for AT&T" disregards the following contradictory evidence: EXHIBITS F & G, both of which show that Tekway's Project Manager, Operations, Mr. Pavan Kumar, supervises and evaluates Mr. Balusu's work at the end client location.

23. The decision is also not in accordance with law in that it is premised on the erroneous assumption that to establish an employer-employee relationship with Mr. Balusu, Tekway needed to show it actually controlled his work. However, as shown above, under two decisions of the U.S. Supreme Court, the decisions of 9 Circuit Courts of Appeal (including the D.C. Circuit), the USCIS's own binding Adjudicator's Field Manual, and two USCIS policy memorandums, only the right to control is required to establish an employer-employee relationship, and actual control is irrelevant.

24. For example, the decision demonstrates that it denied this petition because Tekway supposedly did not prove that it actually controlled Mr. Balusu's work activities through its comment that "the emails submitted between the beneficiary and end-client employees do not include you and indicate the beneficiary is taking direction from the end-client. Your organizational chart shows 25 employees reporting to Pavan Kumar, who you state will remotely

supervise the beneficiary's work but you did not sufficiently explain how this will be done" and that "USCIS cannot determine … the manner in which you intend to control the beneficiary's work and day-to-day activities", all of which show that the decision was premised upon the legal error that actual control was required to establish and employer-employee relationship, while it is very well-established that only the right to control is required.

25. The decision is also arbitrary and capricious for yet another reason: it has offered an additional explanation for its conclusions that also runs counter to the evidence, that being "Without further evidence to support the existence of a valid project at your office, USCIS cannot determine that you will be able to provide work for the beneficiary, and the manner in which you intend *to* control the beneficiary's work and day-to-day activities.."

26. This claim is manifestly counter to the evidence in that Tekway never so much as suggested that Mr. Balusu would be performing services at its office at 410 STERLING RD, DOWNERS GROVE, IL 60515. Rather, it has consistently maintained that he would be providing services on the premises of AT&T and the existence of a "valid project" there is documented by Exhibit N, letter from AT&T, thereby establishing that the Tekway will be able to provide work for Mr. Balusu.

27. 5 U.S.C. § 706 provides in material part that:

> The reviewing court shall—
>
> …
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law

**WHEREFORE** it is respectfully requested that this Court hold unlawful and set aside the USCIS's decision denying Tekway's petition for nonimmigrant worker upon Jagadish Balusu's behalf and Mr. Balasu's application for change of nonimmigrant status, on the grounds that they were both arbitrary and capricious and not in accordance with law.

COUNT V

*The decision denying Tekway, Inc.'s petition upon behalf of Vinaykumar Swarna was arbitrary and capricious and not in accordance with law.*

21.The decision denying Tekway's petition upon Vinaykumar Swarna's behalf (and so, necessarily, his application for change of nonimmigrant status) on the grounds that "you have not established that you will be a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'" was arbitrary and capricious in that it is squarely contradicted by the record and ignores critical evidence. Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs., 2018 U.S. Dist. LEXIS 196284, *3. In particular, the USCIS, aside from mentioning their names, disregarded the following evidence submitted by Tekway demonstrating that it would have the legal right to control the manner and means in which Mr. Swarna's work would be performed:

a) Exhibit E to the response to the USCIS's Request for Evidence pertaining to Mr. Swarna - the Employment Agreement between Tekway and Mr. Swarna - which provided, among other things, that Tekway was hiring Mr. Swarna, that Mr. Swarna would work at whatever premises were directed by Tekway, that Tekway would pay Mr. Swarna, and that Tekway had the right to terminate Mr. Swarna's employment at any time without cause upon written notice after the completion of 12 consecutive months of employment;

b)Exhibit G - in which Pravan Kumar, Project Manager, Operations, of Tekway, certifies that he will be supervising Mr. Swarna in his work-related duties and responsibilities and that Tekway has the ultimate control and authority over Mr. Swarna's day-to-day activities at the end client, AT&T, that Mr. Swarna is required to communicate on a regular basis with Tekway regarding his hours worked, status of assignment, performance feedback, and similar matters, that Tekway has the right to hire and fire Mr. Swarna, the right to control his work, the duty to pay him, and the right to assign him additional duties;

c) Exhibit H- a project status report pertaining to Mr. Swarna showing that he was closely communicating with Tekway regarding his work activities;

d) a work organizational chart (submitted with the petition upon Mr. Swarna’s behalf ) showing that Pavan Kumar directly supervised Mr. Swarna upon Tekway’s behalf;

e) Exhibit I -timesheets for Mr. Swarna showing that his work hours were being closely monitored by Tekway;

f) Exhibit J - earnings statements from ADP showing that Tekway was paying Mr. Swarna’s salary;

g) Exhibit M - a letter from the Pinnacle Group stating that all of Mr. Swarna's day-to-day activities will be controlled by his employer, Tekway, along with any discretionary decision-making such as hiring and firing and performance evaluations;

h) Exhibit N - a letter from Shirley Delia, Supplier Liaison, Human Resources, AT&T, stating that “ Vinay Kumar Swarna's employer. Tekway, Inc., not AT&T Services or its affiliates, provides them with compensation, has the authority to assign them to perform services for one or another of its customers. has control of its employees and is

responsible for payment of salaries, administration of benefits and payment of taxes on behalf of its employees for the duration of their employment with it.

22. As shown above, there are few propositions more firmly settled in the field of labor law than that the right of control is the gravamen of an employer-employee relationship.

23. The centrality of the right to control (and not actual control) to the employer-employee relationship is effectively conceded by the USCIS in this decision when it claims that “the record has been reviewed in its entirety to establish whether you have the right to control the beneficiary's employment at the third-party end client and it has been determined that you have not met the employer-employee relationship test”. (emphasis added)

24. Inasmuch as "an agency cannot ignore evidence contradicting its position.", Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs., 2018 U.S. Dist. LEXIS 196284, *23 quoting Genuine Parts Co. v. EPA, 890 F.3d 304, 312 (D.C. Cir. 2018) (quoting Butte Cty. v. Hogen, 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010)), therefore this decision’s disregard of virtually all of Tekway’s voluminous evidence showing that it had the right to control Mr. Swarna’s work activities, and so had an employer-employee relationship with him, was arbitrary and capricious.

25. Further, inasmuch as there is no evidence in the record that shows that Tekway does not have the right to control Mr. Swarna’s work activities, the decision is also arbitrary and capricious because it runs counter to the evidence in the record. "[I]f the agency has . . . offered an explanation for its decision that runs counter to the evidence," its action is generally deemed arbitrary and capricious.” Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs., 2018 U.S. Dist. LEXIS 196284, *17-18 , quoting Animal Legal Defense Fund, Inc. v.

Perdue, 872 F.3d 602, 611 (D.C. Cir. 2017). (quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

22. Further, the decision is also arbitrary and capricious because the USCIS has likewise failed to consider the following referenced contradictory evidence in making these factual conclusions:

a) The conclusion that "the present record does not sufficiently demonstrate: … The skill required to perform the specialty occupation;": disregarded the following contradictory evidence:

i) EXHIBIT A to Tekway's response to the USCIS's request for evidence is the Expert Opinion Letter issued by Full Adjunct Professor, Dr. Michael K. Lavine, of Cyber Security at the University of Maryland-University College, indicating the education required to perform the position;

ii) EXHIBIT C - the Past Practice letter issued by Tekway indicating the education required to perform the position;

iii) EXHIBIT D - the Affidavit from Shashidhar Devireddy, Project Manager, Operations, of Lucid Technologies, indicating the educational requirements for the offered position in his organization;

b) "the present record does not sufficiently demonstrate: … Whether you have the right to assign additional work to the beneficiary while he is performing

services for AT&T at their place of business;": The USCIS, in coming to this conclusion, failed to consider the following contradictory evidence: Exhibit L, Detailed Job Description and Exhibit N, end client letter from AT&T, both of which show that Tekway does in fact have the right to assign additional work to Mr. Swarna while he is performing services for AT&T at its place of business;

c) "the present record does not sufficiently demonstrate: … Whether you can fire the beneficiary or set rules and regulations on the work the beneficiary will be performing for AT&T;": In coming to this conclusion, the USCIS failed to consider the following contradictory evidence:

i)   Exhibit E, Employment Agreement, showing that Tekway had the right to fire the beneficiary; and

ii)  Exhibits G, M & N, all showing that Tekway has the right to control Mr. Swarna's work activities, which would necessarily include the right to set rules and regulations on the work he would be performing for AT&T;

d) the finding that "the present record does not sufficiently demonstrate …Availability of specialty occupation work" did not consider the following contradictory evidence: EXHIBITS K, L, M & N, showing that Mr. Swarna would be working as a Software Developer at AT&T's location until at least December 27, 2019 (with the possibility of extension), which both EXHIBIT A (the Expert Opinion Letter) and EXHIBIT B2 (excerpt from the Occupational Outlook Handbook) established, and this decision did not dispute, is a specialty occupation;

e) The finding that "the present record does not sufficiently demonstrate: … Whether the beneficiary reports to someone higher in your organization" did not consider the contradictory evidence contained in EXHIBITS F & G, both of which show that Tekway's Project Manager, Operations, Mr. Pavan Kumar, closely supervises and evaluates Mr. Swarna's work at the end client location;

f) The finding that "the present record does not sufficiently demonstrate: …Whether, and if so, to what extent you will supervise the beneficiary's work while he is performing services for AT&T" disregards the following contradictory evidence: EXHIBITS F & G, both of which

show that Tekway's Project Manager, Operations, Mr. Pavan Kumar, supervises and evaluates Mr. Swarna's work at the end client location.

23. The decision is also not in accordance with law in that it is premised on the erroneous assumption that to establish an employer-employee relationship with Mr. Swarna, Tekway needed to show it actually controlled his work. However, as shown above, only the right to control is required to establish an employer-employee relationship, and actual control is irrelevant.

24. For example, the decision demonstrates that it denied this petition because Tekway supposedly did not prove that it actually controlled Mr. Swarna's work activities through its comment that "the emails submitted between the beneficiary and end-client employees do not include you and indicate the beneficiary is taking direction from the end-client. Your organizational chart shows 25 employees reporting to Pavan Kumar, who you state will remotely supervise the beneficiary's work but you did not sufficiently explain how this will be done" and that "USCIS cannot determine … the manner in which you intend to control the beneficiary's work and day-to-day activities", all of which show that the decision was premised upon the legal error that actual control was required to establish an employer-employee relationship.

25. The decision is also arbitrary and capricious for yet another reason: it has offered an additional explanation for its conclusions that also runs counter to the evidence, that being "Without further evidence to support the existence of a valid project at your office, USCIS cannot determine that you will be able to provide work for the beneficiary, and the manner in which you intend to control the beneficiary's work and day-to-day activities.".

26. This claim is manifestly counter to the evidence in that Tekway never so much as suggested that Mr. Swarna would be performing services at its office at 410 STERLING RD, DOWNERS GROVE, IL 60515. Rather, it has consistently maintained that he would be providing services on the premises of AT&T and the existence of a "valid project" there is documented by Exhibit N, letter from AT&T, thereby establishing that Tekway will be able to provide work for Mr. Swarna.

27. 5 U.S.C. § 706 provides in material part that:

The reviewing court shall—

…

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law … .

WHEREFORE it is respectfully requested that this Court hold unlawful and set aside the USCIS's decision denying Tekway's petition for nonimmigrant worker upon Vinaykumar Swarna's behalf and Mr. Swarna's application for change of nonimmigrant status, on the grounds that they were both arbitrary and capricious and not in accordance with law.

Respectfully submitted this 11th day of February, 2019

*s/Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for the Plaintiffs
225 Broadway, Ste 307
New York, NY 10007
646-845-9895
michaelpiston4@gmail.com