UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

*TEKWAY,* INC

|  |  |
|---|---|
| | Case No.: 19-cv-00358-BAH |
| | JUDGE BERYL A. HOWELL |
| Plaintiff, | |
| against | PLAINTIFF'S MEMORANDUM OF SPECIFIC POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Defendant. | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ……………………………………………………2

INTRODUCTION ………………………………………..…………...5

PLAINTIFF……………………………………………………………............5

DEFENDANT………………………………..……….…………….….……........6

JURISDICTION …………………………………………….…………….....6

STANDING………...…………………………………...…………….......6

VENUE ………………………………………………………..……….7

BRIEF STATEMENT OF PROCEDURAL HISTORY...………...……………....7

ARGUMENT ……………………………………………...…....9

I.   THE DECISION DENYING TEKWAY'S PETITION ON BEHALF OF
JAGADISH BALUSU WAS ARBITRARY AND CAPRICIOUS AND
NOT IN ACCORDANCE WITH LAW. ……………...……………..9

A. THE DECISION DENYING TEKWAY'S PETITION ON JAGADISH
BALUSU'S BEHALF ON THE GROUNDS THAT "YOU HAVE NOT
ESTABLISHED THAT YOU WILL BE A 'UNITED STATES
EMPLOYER' HAVING AN 'EMPLOYER-EMPLOYEE
RELATIONSHIP' WITH THE BENEFICIARY AS AN H-1B
TEMPORARY 'EMPLOYEE' " WAS ARBITRARY AND CAPRICIOUS
IN THAT IT IS SQUARELY CONTRADICTED BY THE RECORD AND
IGNORES CRITICAL EVIDENCE CONTRADICTING ITS POSITION.
.…………..………………………………………………….....9

B. THE FINDING THAT TEKWAY LACKED AN EMPLOYER-
EMPLOYEE RELATIONSHIP WITH MR. BALUSU BECAUSE IT
DIDN'T PROVE THAT IT ACTUALLY CONTROLLED HIS WORK
ACTIVITIES, REGARDLESS OF WHETHER IT HAD THE RIGHT TO
CONTROL THEM, WAS NOT IN ACCORDANCE WITH THE
LAW………………………………………………………..15

C. THE DECISION IS ALSO ARBITRARY AND CAPRICIOUS BECAUSE
IT IS UNSUPPORTED BY SUBSTANTIAL EVIDENCE.……………....17

II.  THE DECISION DENYING TEKWAY'S PETITION ON BEHALF OF VINAY SWARNA WAS ARBITRARY AND CAPRICIOUS AND NOT IN ACCORDANCE WITH LAW. …………………………………………...19

   A. THE DECISION DENYING TEKWAY'S PETITION ON VINAY SWARNA'S BEHALF ON THE GROUNDS THAT "YOU HAVE NOT ESTABLISHED THAT YOU WILL BE A 'UNITED STATES EMPLOYER' HAVING AN 'EMPLOYER-EMPLOYEE RELATIONSHIP' WITH THE BENEFICIARY AS AN H-1B TEMPORARY 'EMPLOYEE' "  WAS ARBITRARY AND CAPRICIOUS IN THAT IT IS SQUARELY CONTRADICTED BY THE RECORD AND IGNORES CRITICAL EVIDENCE CONTRADICTING ITS POSITION. …………………………………………………………...19

   B. THE FINDING THAT TEKWAY LACKED AN EMPLOYER-EMPLOYEE RELATIONSHIP WITH MR. SWARNA BECAUSE IT DIDN'T PROVE THAT IT ACTUALLY CONTROLLED HIS WORK ACTIVITIES, REGARDLESS OF WHETHER IT HAD THE RIGHT TO CONTROL THEM, WAS NOT IN ACCORDANCE WITH THE LAW………………………………………………………..25

   C. THE DECISION IS ALSO ARBITRARY AND CAPRICIOUS BECAUSE IT IS UNSUPPORTED BY SUBSTANTIAL EVIDENCE…………….....28


CONCLUSION ………………………………………………………..29
TABLE OF EXHIBITS……………………………………………….. 29
CERTIFICATE OF SERVICE ……………………………..……….….31

TABLE OF AUTHORITIES

CASES

*Association of Data Processing Serv. Orgs. v. Board of Governors,* 240 U.S. App. D.C. 301, 745 F.2d 677, 683 (D.C. Cir. 1984) …………………………………..18, 28
*Avis Rent A Car Sys., Inc. v. United States,* 503 F.2d 423, 425 n.1 (2d Cir. 1974) ……………………………………………………………...15, 26
*Breaux & Daigle, Inc. v. United States,* 900 F.2d 49, 50 (5th Cir. 1990).…… 16, 26

*Butte Cty. v. Hogen,* 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010)) ……………………………………………………………………...14, 24

*Chin v. United States,* 57 F.3d 722, 725 (9th Cir. 1995) ……………..……..16, 26

*Clackamas Gastroenterology Assocs., P.C. v. Wells,* 538 U.S. 440, 448 (2003) ……………………………………………………………………...15, 25

*Genuine Parts Co. v. EPA*, 890 F.3d 304, 312 (D.C. Cir. 2018) ……………..14, 24

*Dovell v. Arundel Supply Corp.,* 124 U.S. App. D.C. 89, 361 F.2d 543, 545 (1966) …...………………………………………………………………...15, 25

*Grace v. Magruder,* 80 U.S. App. D.C. 53, 148 F.2d 679, 681 (1945) ……...15, 25

*Jones v. Goodson,* 121 F.2d 176, 177 (10th Cir. 1941), USCIS Adjudicator's Field Manual (AFM) § Chapter 31.3 nt.1…………………………………..……..16, 26

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)…………………………..7

*Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 323 (1992) …………….15, 25

*NLRB v. Cement Transp., Inc.,* 490 F.2d 1024, 1027 (6th Cir. 1974)………… 16, 26

*Sargent v. Commissioner,* 929 F.2d 1252, 1253 (8th Cir. 1991) ……………...16, 26

*Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs.* 2018 U.S. Dist. LEXIS 196284 ……………………………………………………14, 24

*Trent v. Atl. City Elec. Co.,* 334 F.2d 847, 863 (3d Cir. 1964) ......................16, 26

*Weber v. Commissioner,* 60 F.3d 1104, 1110 (4th Cir. 1995) ………………...16, 26

UNITED STATES CODE

5 U.S.C. § 706(2) …………………………………………………..5, 6, 18, 29

8 U.S.C. § 1101(a)(15)(H)(i)(B)…………………………………………………6, 8

28 U.S.C. § 1331 …………………………………………………………....…6

28 U.S.C. § 1391(e) ……………………………………………………...…7

CODE OF FEDERAL REGULATIONS

8 CFR § 214.2(h)(4)(ii)(2) …………………………………………………16, 26

## I. INTRODUCTION

This is an action brought pursuant to section 10b of the Administrative Procedure Act, 5 U.S.C. § 702, et. seq., seeking to hold unlawful and set aside the decisions of the California Service Center (CSC) Director of the United States Citizenship and Immigration Services (USCIS) in File Nos.WAC1815050083 and WAC1815650017, both issued November 13, 2018, denying Tekway, Inc.'s (Tekway's) Forms I-129, Petition for Nonimmigrant Worker on behalf of Jagadish Balusu and Vinay Swarna, respectively, on the grounds that both decisions were arbitrary and capricious. This memorandum of points and authorities is filed in support of Tekway's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure on its Complaint on the grounds that there is no genuine dispute as to any material fact and that Tekway is entitled to judgment as a matter of law.

## II. PLAINTIFF

TEKWAY, INC. (Tekway) is an Illinois corporation which has been providing Information Technology services and resources in the United States since 2005. Tekway deploys human intellectual capital to meet an organization's information technology goals using the optimal mix of internal staff, outside consulting resources, and project outsourcing.

## III. DEFENDANT

The defendant, United States Citizenship and Immigration Services (USCIS), is an agency of the United States government residing in the District of Columbia.

## IV. JURISDICTION

This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, et. seq., and the Administrative Procedure Act, 5 U.S.C. § 701, et. seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## V. STANDING

Tekway has a legally protected interest in a decision by the USCIS on its petition on  behalf of the employees named below which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and the invasion of this right has caused it concrete and particularized injury in that as a result of this invasion Tekway will be unable to employ these individuals after the expiration of their current employment authorization and so will be unable to derive the revenues it would otherwise

obtain from the sale of their services to its clients;   (2) there is a causal connection

between the injury-in-fact and the defendant's challenged behavior in that it is

precisely the defendant's denial of Tekway's petitions on these employees' behalf

which will prevent them from working for Tekway after the expiration of their

current employment authorization; and (3) it is certain that the injury-in-fact will

be redressed by a favorable ruling in that such a ruling will enable Tekway to

continue to employ these individuals after the expiration of their current

employment authorization and so continue to derive revenues from the sale of their

services. Accordingly, Tekway has standing to complain of this action. *Lujan v.*

*Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992)


**VI. VENUE**

Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of Columbia,

where the defendant resides.


**VII. BRIEF STATEMENT OF PROCEDURAL HISTORY**

On April 12, 2018 Tekway filed a Form I-129, Petition for Nonimmigrant

Worker on behalf of Jagadish Balusu for the purposes of employing him from

October 1, 2018 to August 22, 2021 in a position which was internally designated

as  "Application Support-ITRR" but involved performing the duties of a Software

Developer, Applications as described in the Department of Labor's Standard Occupational Classification (SOC), pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(B), and concurrently applied to change his nonimmigrant status in the U.S. from F-1 (student) to H-1B (specialty occupation worker). The USCIS designated this matter as File No. WAC1815050083.

On November 13, 2018, following the USCIS's issuance of, and Tekway's response to, a request for evidence, the USCIS issued decisions denying both the petition for Mr. Balusu and his application for change of status on the grounds that "you have not established that you will be a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'".

On April 12, 2018 Tekway filed a Form I-129, Petition for Nonimmigrant Worker on behalf of Vinay Swarna for the purposes of employing him from October 1, 2018 to August 22, 2021 in a position which was internally designated as "Application Support-ITRR" but involved performing the duties of a Software Developer, Applications as described in the Department of Labor's Standard Occupational Classification (SOC), pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(B) and concurrently applied to change Mr. Swarna's nonimmigrant status in the U.S. from F-1 (student) to H-1B (specialty occupation worker). The USCIS designated this matter as File No. WAC 1815650017.

On November 13, 2018, following the USCIS's issuance of, and Tekway's response to, a request for evidence, the USCIS issued decisions denying both the petition and the application on behalf of Mr. Swarna on the grounds that "you have not established that you will be a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'". This action ensued.

## ARGUMENT

## I.  THE DECISION DENYING TEKWAY'S PETITION ON BEHALF OF JAGADISH BALUSU WAS ARBITRARY AND CAPRICIOUS AND NOT IN ACCORDANCE WITH LAW.

A.  *The decision denying Tekway's petition on Jagadish Balusu's behalf on the grounds that "you have not established that you will be a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'" was arbitrary and capricious in that it is squarely contradicted by the record and ignores critical* ==*evidence*== *contradicting its position.*

In particular, the USCIS, aside from mentioning their names, disregarded the following evidence submitted by Tekway demonstrating that it would have the legal right to control the manner and means in which Mr. Balusu's work would be performed:

a.) Exhibit E to the response to the USCIS's Request for Evidence , the Employment Agreement between Tekway and Mr. Balusu, which provided, among other things, that Tekway was hiring Mr. Balusu, that Mr. Balusu would work at whatever premises were directed by Tekway, that Tekway would pay Mr. Balusu, and that Tekway had the right to terminate Mr. Balusu's employment at any time without cause upon written notice after the completion of 12 consecutive months of employment;

b.) Exhibit G - Tekway's letter of August 20, 2018, in which Pravan Kumar, Project Manager, Operations, of Tekway, certifies that he will be supervising Mr. Balusu in his work-related duties and responsibilities and that Tekway has the ultimate control and authority over Mr. Balusu's day-to-day activities at the end client, AT&T, that  Mr. Balusu is required to communicate on a regular basis with Tekway regarding his hours worked, status of assignment, performance feedback, and similar matters, that Tekway has the right to hire and fire Mr. Balusu, the right to control his work, the duty to pay him, and the right to assign him additional duties;

c.) Exhibit H- a project status report pertaining to Mr. Balusu showing that

he was closely communicating with Tekway regarding his work

activities; a work organizational chart (submitted with the petition)

showing that Pavan Kumar directly supervised Mr. Balusu;

d.) Exhibit I -timesheets for Mr. Balusu showing that his work hours were

being closely monitored by Tekway;

e.) Exhibit J - earnings statements from ADP showing that Tekway was

paying Mr. Balusu's salary;

f.) Exhibit M - a letter from the Pinnacle Group stating that all of Mr.

Balusu's day-to-day activities will be controlled by his employer,

Tekway, along with any discretionary decision-making such as hiring and

firing and performance evaluations;

g.) Exhibit N - a letter from Shirley Delia, Supplier Liaison, Human

Resources, AT&T stating that "Jagadish Balusu's employer, Tekway,

Inc., not AT&T Services or its affiliates, provides (him) with

compensation, has the authority to assign (him) to perform services for

one or another of its customers, has control of its employees and is

responsible for payment of salaries, administration of benefits and

payment of taxes on behalf of its employees for the duration of their

employment with it."

Further, the USCIS likewise failed to consider the following referenced

contradictory evidence in making the following factual conclusions:

a) The conclusion that "the present record does not sufficiently demonstrate:

… The skill required to perform the specialty occupation;", Decision at 3,

disregarded the following contradictory evidence of the skill required to perform

the specialty occupation:

i) Exhibit A to the petitioner's request for evidence, the Expert Opinion

Letter issued by Full Adjunct Professor, Dr. Michael K. Lavine, of Cyber Security

at the University of Maryland-University College, indicating the education

required to perform the position;

ii) Exhibit C - the Past Practice letter issued by Tekway indicating the

education required to perform the position;

iii) Exhibit D - the Affidavit from Shashidhar Devireddy, Project Manager,

Operations of Lucid Technologies, indicating the educational requirements for the

offered position in his organization;

b) "the present record does not sufficiently demonstrate: … Whether you

have the right to assign additional work to the beneficiary while he is performing

services for AT&T at their place of business;":  Decision at 3-4. The USCIS, in

coming to this conclusion, failed to consider the following contradictory evidence:

Exhibit L, Detailed Job Description and Exhibit N, end client letter from AT&T,

both of which show that Tekway does in fact have the right to assign additional

work to the beneficiary while he is performing  services for AT&T at its place of

business.

c) "the present record does not sufficiently demonstrate: … Whether you can

fire the beneficiary or set rules and regulations on the work the beneficiary will be

performing for AT&T;". Decision at 3-4. In coming to this conclusion, the USCIS

failed to consider the following contradictory evidence:

i) Exhibit E, Employment Agreement, showing that Tekway had the right to

fire the beneficiary and

ii)   Exhibits G, M & N all showing that Tekway has the right to control Mr.

Balusu's work activities, which would necessarily include the right to set rules and

regulations on the work he would be performing for AT&T;

d) the finding that "the present record does not sufficiently demonstrate

…Availability of specialty occupation work", Decision at 3-4, did notS consider

the following contradictory evidence: Exhibits K, L, M & N, showing that Mr.

Balusu would be working as a Software Developer at AT&T's location which

EXHIBIT A (the Expert Opinion Letter) and Exhibit B2, excerpts from the

Occupational Outlook Handbook, established, and this decision did not dispute, is

a specialty occupation;

e) The finding that "the present record does not sufficiently demonstrate:

…Whether the beneficiary reports to someone higher in your organization",

Decision at 3-4, did not consider the contradictory evidence contained in Exhibits

F & G, both of which show that Tekway's Project Manager, Operations, Mr. Pavan

Kumar, closely supervises and evaluates Mr. Balusu's work at the end client

location;

f) The finding that "the present record does not sufficiently demonstrate:

…Whether, and if so, to what extent you will supervise the beneficiary's work

while he is performing services for AT&T", Decision at 3-4, disregards the

following contradictory evidence: Exhibits F & G, both of which show that

Tekway's Project Manager, Operations, Mr. Pavan Kumar, supervises and

evaluates Mr. Balusu's work at the end client location.


"An agency cannot ignore evidence contradicting its position.", *Stellar IT*

*Sols., Inc. v. United States Citizenship & Immigration Servs.,* 2018 U.S. Dist.

LEXIS 196284, *23 quoting *Genuine Parts Co. v. EPA,* 890 F.3d 304, 312 (D.C.

Cir. 2018)  (quoting *Butte Cty. v. Hogen,* 613 F.3d 190, 194, 392 U.S. App. D.C.

25 (D.C. Cir. 2010)). Accordingly, this decision's disregard of virtually all of

Tekway's voluminous evidence showing that it had the right to control the

beneficiary's work activities, and so had an employer-employee relationship with

him, was arbitrary and capricious.


   B. *The finding that Tekway lacked an employer-employee relationship with Mr.*
      *Balusu because it didn't prove that it actually controlled his work activities,*
      *regardless of whether it had the right to control them, was not in accordance*
      *with law.*


   There are few propositions more firmly settled in the field of labor law than

that the right of control is the gravamen of an employer-employee relationship.

See, e.g., *Clackamas Gastroenterology Assocs., P.C. v. Wells,* 538 U.S. 440, 448

(2003), *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 323 (1992). The right

to control the beneficiary is different from actual control. An employer may have

the right to control the beneficiary's job-related duties and yet not exercise actual

control over each function performed by that beneficiary. See e.g. *Dovell v.*

*Arundel Supply Corp.,* 124 U.S. App. D.C. 89, 361 F.2d 543, 545 (1966) ("The

vital element which negatives such independence, in the relation between employer

and employee, is the right to control the employee, not only as to the final result,

but in the performance of the task itself. And, it is the right to control, not control

or supervision itself, which is most important. (Footnote omitted.)" quoting *Grace*

*v. Magruder,* 80 U.S. App. D.C. 53, 148 F.2d 679, 681 (1945)); *Avis Rent A Car*

*Sys., Inc. v. United States,* 503 F.2d 423, 425 n.1 (2d Cir. 1974); *Trent v. Atl. City Elec. Co.,* 334 F.2d 847, 863 (3d Cir. 1964), *Weber v. Commissioner,* 60 F.3d 1104, 1110 (4th Cir. 1995); *Breaux & Daigle, Inc. v. United States,* 900 F.2d 49, 50 (5th Cir. 1990); *NLRB v. Cement Transp., Inc.,* 490 F.2d 1024, 1027 (6th Cir. 1974), *Sargent v. Commissioner,* 929 F.2d 1252, 1253 (8th Cir. 1991); *Chin v. United States,* 57 F.3d 722, 725 (9th Cir. 1995), *Jones v. Goodson,* 121 F.2d 176, 177 (10th Cir. 1941), USCIS Adjudicator's Field Manual (AFM) § Chapter 31.3 nt.1..

This is also the only reasonable interpretation of 8 CFR § 214.2(h)(4)(ii)(2) which defines a "United States employer" as one who has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it may hire, pay, fire, supervise, or otherwise control the work of any such employee ....". (emphasis added).The fact that an employer "may" control the work of an employee (rather than "must" ) demonstrates that, consistent with Clackamas, Darden, the decisions of at least 9 circuit courts of appeal and the USCIS's own AFM, it is only the right to control and not the actual exercise of the same which is determinative of an employer-employee relationship.

The centrality of the right to control (and not actual control) to the employer-employee relationship is effectively conceded by the USCIS in this decision when it claims that "the record has been reviewed in its entirety to establish whether you

have the right to control the beneficiary's employment at the third-party end client and it has been determined that you have not met the employer-employee relationship test".

Nevertheless, the agency's decision demonstrates that the actual legal standard it used to make this decision was that Tekway was required to prove it actually controlled Mr. Balusu's work activities, as opposed to having the legal right to control it. This is illustrated by the following excerpts from its decision:

Insert A

the present record does not sufficiently demonstrate: …Whether, and if so, to what extent you will supervise the beneficiary's work while he is performing services for AT&T. Decision at 3-4

Inasmuch as the agency's holding that Tekway did not establish that it had an employer-employee relationship with Mr. Balusu is premised entirely upon its finding that it failed to prove how it will actually control his work, its decision is not in accordance with law, which only requires that Tekway show that it has right to control Mr. Balusu's work.

C. *The decision is also arbitrary and capricious because it is unsupported by substantial evidence*

The decision is also arbitrary and capricious for yet another reason: it has offered an additional explanation for its conclusions which is completely

unsupported by evidence that being "Without further evidence to support the existence of a valid project at your office, USCIS cannot determine that you will be able to provide work for the beneficiary, and the manner in which you intend to control the beneficiary's work and day-to-day activities.."

This claim is manifestly unsupported by substantial, or any, evidence in the record in that Tekway never so much as suggested that Mr. Balusu would be performing services at its office at 410 STERLING RD, DOWNERS GROVE, IL 60515. Rather, it has consistently maintained that he would be providing services on the premises of AT&T and the existence of a "valid project" there is documented by Exhibit N, letter from AT&T, thereby establishing that the Tekway will be able to provide work for Mr. Balusu on AT&T's premises in Virginia, but not at its home office in Illinois. The USCIS's finding to the contrary is arbitrary and capricious because it is not supported by substantial evidence. *Association of Data Processing Serv. Orgs. v. Board of Governors,* 240 U.S. App. D.C. 301, 745 F.2d 677, 683 (D.C. Cir. 1984) (Scalia, J) (. Where an agency's factual findings are unsupported by substantial evidence then the decision based upon them is arbitrary and capricious).

5 U.S.C. § 706 provides in material part that:

The reviewing court shall—

…

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law

WHEREFORE it is respectfully requested that this Court hold unlawful and set aside the USCIS's decision denying Tekway's petition for nonimmigrant worker on Jagadish Balusu's behalf and Mr. Balasu's application for change of nonimmigrant status, on the grounds that they were both arbitrary and capricious and not in accordance with law.

II.   THE DECISION DENYING TEKWAY'S PETITION ON BEHALF OF VINAY SWARNA WAS ARBITRARY AND CAPRICIOUS AND NOT IN ACCORDANCE WITH LAW.

A.   *The decision denying Tekway's petition on Vinay Swarna's behalf on the grounds that "you have not established that you will be a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee'" was arbitrary and capricious in that it is squarely contradicted by the record and ignores critical ==evidence== contradicting its position.*

In particular, the USCIS, aside from mentioning their names, disregarded the following evidence submitted by Tekway demonstrating that it would have the

19

legal right to control the manner and means in which Mr. Swarna's work would be performed:

    a.) Exhibit E to the response to the USCIS's Request for Evidence, the Employment Agreement between Tekway and Mr. Swarna, which provided, among other things, that Tekway was hiring Mr. Swarna, that Mr. Swarna would work at whatever premises were directed by Tekway, that Tekway would pay Mr. Swarna, and that Tekway had the right to terminate Mr. Swarna's employment at any time without cause upon written notice after the completion of 12 consecutive months of employment;

    b.) Exhibit G - Tekway's letter of August 20, 2018, in which Pravan Kumar, Project Manager, Operations, of Tekway, certifies that he will be supervising Mr. Swarna in his work-related duties and responsibilities and that Tekway has the ultimate control and authority over Mr. Swarna's day-to-day activities at the end client, AT&T, that  Mr. Swarna is required to communicate on a regular basis with Tekway regarding his hours worked, status of assignment, performance feedback, and similar matters, that Tekway has the right to hire and fire Mr. Swarna, the right

to control his work, the duty to pay him, and the right to assign him additional duties;

c.) Exhibit H - a project status report pertaining to Mr. Swarna showing that he was closely communicating with Tekway regarding his work activities; a work organizational chart (submitted with the petition) showing that Pavan Kumar directly supervised Mr. Swarna;

d.) Exhibit M - a letter from the Pinnacle Group stating that all of Mr. Swarna's day-to-day activities will be controlled by his employer, Tekway, along with any discretionary decision-making such as hiring and firing and performance evaluations;

e.) Exhibit N - a letter from Shirley Delia, Supplier Liaison, Human Resources, AT&T stating that "Vinay Swarna's employer, Tekway, Inc., not AT&T Services or its affiliates, provides (him) with compensation, has the authority to assign (him) to perform services for one or another of its customers, has control of its employees and is responsible for payment of salaries, administration of benefits and payment of taxes on behalf of its employees for the duration of their employment with it."

Further, the USCIS likewise failed to consider the following referenced contradictory evidence in making the following factual conclusions:

a) The conclusion that "the present record does not sufficiently demonstrate: … The skill required to perform the specialty occupation;", Decision at 3, disregarded the following contradictory evidence of the skill required to perform the specialty occupation:

i) Exhibit A to the petitioner's request for evidence, the Expert Opinion Letter issued by Full Adjunct Professor, Dr. Michael K. Lavine, of Cyber Security at the University of Maryland-University College, indicating the education required to perform the position (his C.V. is Exhibit A1);

ii) Exhibit C - the Past Practice letter issued by Tekway indicating the education required to perform the position;

iii) Exhibit D - the Affidavit from Shashidhar Devireddy, Project Manager, Operations of Lucid Technologies, indicating the educational requirements for the offered position in his organization;

b) "the present record does not sufficiently demonstrate: … Whether you have the right to assign additional work to the beneficiary while he is performing services for AT&T at their place of business;":  Decision at 3-4. The USCIS, in coming to this conclusion, failed to consider the following contradictory evidence:

Exhibit L, Detailed Job Description and Exhibit N, end client letter from AT&T, both of which show that Tekway does in fact have the right to assign additional work to the beneficiary while he is performing services for AT&T at its place of business.

c) "the present record does not sufficiently demonstrate: … Whether you can fire the beneficiary or set rules and regulations on the work the beneficiary will be performing for AT&T;". Decision at 3-4. In coming to this conclusion, the USCIS failed to consider the following contradictory evidence:

i) Exhibit E Employment Agreement, showing that Tekway had the right to fire the beneficiary and

ii)  Exhibits G, M & N all showing that Tekway has the right to control Mr. Swarna's work activities, which would necessarily include the right to set rules and regulations on the work he would be performing for AT&T;

d) the finding that "the present record does not sufficiently demonstrate …Availability of specialty occupation work", Decision at 3-4, did not consider the following contradictory evidence: Exhibits K, L, M & N, showing that Mr. Swarna would be working as a Software Developer at AT&T's location which Exhibit A (the Expert Opinion Letter) and Exhibit B1, excerpts from the Occupational Outlook Handbook, established, and this decision did not dispute, is a specialty occupation;

e) The finding that "the present record does not sufficiently demonstrate: …Whether the beneficiary reports to someone higher in your organization", Decision at 3-4, did not consider the contradictory evidence contained in Exhibit F & G, both of which show that Tekway's Project Manager, Operations, Mr. Pavan Kumar, closely supervises and evaluates Mr. Swarna's work at the end client location;

f) The finding that "the present record does not sufficiently demonstrate: …Whether, and if so, to what extent you will supervise the beneficiary's work while he is performing services for AT&T", Decision at 3-4, disregards the following contradictory evidence: Exhibits FF & GG, both of which show that Tekway's Project Manager, Operations, Mr. Pavan Kumar, supervises and evaluates Mr. Swarna's work at the end client location.

"An agency cannot ignore evidence contradicting its position.", *Stellar IT Sols., Inc. v. United States Citizenship & Immigration Serves.,* 2018 U.S. Dist. LEXIS 196284, *23 quoting *Genuine Parts Co. v. EPA,* 890 F.3d 304, 312 (D.C. Cir. 2018) (quoting *Butte Cty. v. Hogen,* 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010)). Accordingly, this decision's disregard of virtually all of Tekway's voluminous evidence showing that it had the right to control the beneficiary's work activities, and so had an employer-employee relationship with him, was arbitrary and capricious.

B. *The finding that Tekway lacked an employer-employee relationship with Mr. Swarna because it didn't prove that it actually controlled his work activities, regardless of whether it had the right to control them, was not in accordance with law.*

There are few propositions more firmly settled in the field of labor law than that the right of control is the gravamen of an employer-employee relationship. See, e.g., *Clackamas Gastroenterology Assocs., P.C. v. Wells,* 538 U.S. 440, 448 (2003), *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 323 (1992). The right to control the beneficiary is different from actual control. An employer may have the right to control the beneficiary's job-related duties and yet not exercise actual control over each function performed by that beneficiary. See e.g. *Dovell v. Arundel Supply Corp.,* 124 U.S. App. D.C. 89, 361 F.2d 543, 545 (1966) ("The vital element which negatives such independence, in the relation between employer and employee, is the right to control the employee, not only as to the final result, but in the performance of the task itself. And, it is the right to control, not control or supervision itself, which is most important. (Footnote omitted.)" quoting *Grace v. Magruder,* 80 U.S. App. D.C. 53, 148 F.2d 679, 681 (1945)); *Avis Rent A Car Sys., Inc. v. United States,* 503 F.2d 423, 425 n.1 (2d Cir. 1974); *Trent v. Atl. City Elec. Co.,* 334 F.2d 847, 863 (3d Cir. 1964), *Weber v. Commissioner,* 60 F.3d 1104, 1110 (4th Cir. 1995); *Breaux & Daigle, Inc. v. United States,* 900 F.2d 49,

50 (5th Cir. 1990);  *NLRB v. Cement Transp., Inc.,* 490 F.2d 1024, 1027 (6th Cir.

1974), *Sargent v. Commissioner,* 929 F.2d 1252, 1253 (8th Cir. 1991); *Chin v.*

*United States,* 57 F.3d 722, 725 (9th Cir. 1995), *Jones v. Goodson,* 121 F.2d 176,

177 (10th Cir. 1941), USCIS Adjudicator's Field Manual (AFM) § Chapter 31.3

nt.1..


This is also the only reasonable interpretation of 8 CFR § 214.2(h)(4)(ii)(2)

which defines a "United States employer" as one who has an employer-employee

relationship with respect to employees under this part, as indicated by the fact that

it may hire, pay, fire, supervise, or otherwise control the work of any such

employee ....". (emphasis added). The fact that an employer "may" control the

work of an employee (rather than "must") demonstrates that, consistent with

Clackamas, Darden, the decisions of at least 9 circuit courts of appeal and the

USCIS's own AFM, it is only the right to control and not the actual exercise of the

same which is determinative of an employer-employee relationship.

The centrality of the right to control (and not actual control) to the employer-

employee relationship is effectively conceded by the USCIS in this decision when

it claims that "the record has been reviewed in its entirety to establish whether you

have the right to control the beneficiary's employment at the third-party end client

and it has been determined that you have not met the employer-employee relationship test".

Nevertheless, the agency's decision demonstrates that the actual legal standard it used to make this decision was that Tekway was required to prove it actually controlled Mr. Swarna's work activities, as opposed to having the legal right to control it. This is illustrated by the following excerpts from its decision:

Insert A

the present record does not sufficiently demonstrate: …Whether, and if so, to what extent you will supervise the beneficiary's work while he is performing services for AT&T. Decision at 3-4

Inasmuch as the agency's holding that Tekway did not establish that it had an employer-employee relationship with Mr. Swarna is premised entirely upon its finding that it failed to prove how it will actually control his work, its decision is not in accordance with law, which only requires that Tekway show that it has right to control Mr. Swarna's work.

C. *The decision is also arbitrary and capricious because it is unsupported by substantial evidence*

The decision is also arbitrary and capricious for yet another reason: it has offered an additional explanation for its conclusions which is completely unsupported by evidence that being "Without further evidence to support the

existence of a valid project at your office, USCIS cannot determine that you will be able to provide work for the beneficiary, and the manner in which you intend to control the beneficiary's work and day-to-day activities."

This claim is manifestly unsupported by substantial, or any, evidence in the record in that Tekway never so much as suggested that Mr. Swarna would be performing services at its office at 410 STERLING RD, DOWNERS GROVE, IL 60515. Rather, it has consistently maintained that he would be providing services on the premises of AT&T and the existence of a "valid project" there is documented by Exhibit N, letter from AT&T, thereby establishing that the Tekway will be able to provide work for Mr. Swarna on AT&T's premises in Virginia, but not at its home office in Illinois. The USCIS's finding to the contrary is arbitrary and capricious because it is not supported by substantial evidence. *Association of Data Processing Serv. Orgs. v. Board of Governors,* 240 U.S. App. D.C. 301, 745 F.2d 677, 683 (D.C. Cir. 1984) (Scalia, J) (. Where an agency's factual findings are unsupported by substantial evidence then the decision based upon them is arbitrary and capricious).


 5 U.S.C. § 706 provides in material part that:

The reviewing court shall—

…

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law

WHEREFORE it is respectfully requested that this Court hold unlawful and set aside the USCIS's decision denying Tekway's petition for nonimmigrant worker on Vinay Swarna's behalf and Mr. Swarna's application for change of nonimmigrant status, on the grounds that they were both arbitrary and capricious and not in accordance with law.


Respectfully submitted this 29th day of April , 2019


/s/ *Michael E Piston*
Michael E. Piston  (MI 002)
Attorney for the Plaintiff
225 Broadway,
Suite 307
New York, NY, 10007
Ph: 646-845-9895
Fax: 206-770-6350
Email:michaelpiston4@gmail.com

**Exhibit Lists**

**Exhibit I**
A. Letter from University of Maryland University of College…………..………..……..1-9
A1. Career Summary of Dr. Michael Keith Lavine……………………………..………10-18

B.  Occupational Outlook Handbook……………………………….……...…..19-20

C. Letter from Tekway for USCIS Officer Demonstrating the Past Practice of Hiring

Persons……………………………………………………………………...21-22

D. Letter from Lucid Technologies…………………………………….…… .23

E. Employment Contract…………………………………………………….. 24-27

F. Candidate Evaluation Form……………………………………….……...28-29

G. Letter from Supervisor Project Manager Operation of Tekway Inc with Job

Description……………………………………………………………………31-32

H. Project Status Report of Jagadish Balusu for the Month of May 2018 ……………33-34

I. Payroll Stubs of Jagdsish Kumar Balusu……………………………………36-38

J. Payroll Stubs of Jagdish Kumar Balusu …………………………………..… 36-38

K. Timesheet for Jagadih Kumar Balusu from March to July 2018…………………....39-53

L. Itinerary of Services of Mr. Jagadish Kumar Balusu ……………………...…….…54

M. Detailed job description……………………………………………….…..55-56

N. Letter from Pinnacle Group……………………………………………...…….....57

O. Letter from AT&T……………………………………………...…….…...…..58

P. Organization Chart of Tekway Inc…………………………………………59-60

## Exhibit II

A.Letter from University of Maryland University of College…………...………...……....1-9

A1. Career Summary of Dr. Michael Keith Lavine……………………….…..…….10-18

B1.  Occupational Outlook Handbook……………………………………….…….19-20

C. Letter from Tekway for USCIS Officer Demonstrating the Past Practice of Hiring

Persons……………………………………………………………………...…21-22

D. Letter from Lucid Technologies…………………………………………………23

E. Employment Contract………………………………….………………...………24-30

F. Candidate Evaluation Form…………………………………………..………31-32

G. Letter from Supervisor Project Manager Operation of Tekway Inc with Job

Description…………………………………………………………………...33-35

H. Project Status Report of Vijay Kumar Swarna for the Month of May to July 2018…36-38

I. Itinerary of Services of Vijay Kumar Swarna …………………………………….…39

J. Detail Job Description……………………………………………...……...…40-42.

K. Letter for Pinnacle Group………………………………………….………..…..…43

L. Letter from at&t…………………………………………………...……………..…..44

M. Organization Chart of Tekway Inc…………………………………..……....…….45-46

CERTIFICATE OF SERVICE

I certify that the foregoing was served today upon the defendant at its last

known address by depositing it with United Parcel Service for next day delivery to:


United States Citizenship and Immigration Services
20 Massachusetts Ave NW
Washington DC 20529

It was also served in the same day and the same manner upon the

defendant's presumed counsel:

United States Attorney's Office
c/o Civil Process Clerk
 555 4th St NW, Washington, DC 20530


s/ Michael E. Piston
Michael E. Piston (MI 002)
Attorney for the Plaintiffs
225 Broadway Suite 307
New York, NY 10007
646-845-9895

Dated: April 29, 2019